# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS AMBUSH, | ) | |
| Plaintiff, | ) | Civil Action No. 09-797 |
| v. | ) | Magistrate Judge Bissoon |
| BRIAN COLEMAN, *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff is a state prisoner who alleges that he was denied medical treatment for several hours when his right eyeball popped out of its socket. The parties have consented to the undersigned exercising jurisdiction in this case (Docs. 6, 13). Defendants have filed a Partial Motion to Dismiss (Doc. 31) asserting that claims for damages against them in their official capacities should be dismissed, and that Plaintiff has failed to allege the personal involvement of Defendants Coleman and Tretinik. Plaintiff has responded (Doc. 34).

### A. Applicable Standard

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S.__, 129 S.Ct. 1937, 1949 (2009).

B.      **Analysis.**

1.      **Official Capacity Claims.**

Defendants assert that claims against them in their official capacities are the equivalent of claims against the Commonwealth of Pennsylvania and, accordingly, are barred by the Eleventh Amendment. In the absence of consent by a state, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Pennsylvania Department of Corrections is a state agency, and claims against state officials in their "official capacities" for damages are treated as suits against the state. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Pennsylvania has not waived its Eleventh Amendment immunity in civil rights cases. See 42 Pa. Cons.Stat. Ann. § 8521(b). Therefore, the Civil Rights Act, 42 U.S.C. § 1983, does not override Pennsylvania's Eleventh Amendment immunity, and Plaintiff's claims against Defendants in their official capacities must be dismissed. Quern v. Jordan, 440 U.S. 332, 342 (1979).

2.      **Supervisory liability.**

Defendants Coleman and Tretinik assert that Plaintiff has failed to allege their personal involvement in any constitutional violation, and that Plaintiff has failed to allege facts sufficient to hold them liable as supervisors. Supervisory liability may not be premised solely upon a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, some personal involvement of the supervising official must be alleged. Id. Supervisory liability for Section 1983 violations can be established by evidence showing that officials: (1) participated in violating a plaintiff's rights; (2) directed others to violate a plaintiff's rights; (3) knew of, and acquiesced in, their subordinates' violation of a plaintiff's rights; or (4) knew of,

and tolerated, past or ongoing misbehavior.  Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995).

Plaintiff alleges in his Amended Complaint that Tretinik failed to examine him for several hours after Tretinik first received a report of Plaintiff's condition.  Therefore, Plaintiff has alleged personal involvement by Tretinik.  Defendants also argue that Plaintiff may be mistaken about Tretinik's identity, but this is a matter more properly addressed at the summary judgment stage.

The only allegations in the Amended Complaint against Defendant Coleman, however, are that he addressed Plaintiff's grievance following the alleged denial of medical treatment.  This is insufficient to impose supervisory liability.  Jefferson v. Wolfe, 2006 WL 1947721 at *17 (W. D. Pa. July 11, 2006) (McLaughlin, J.) (denial of grievance or appeal on final review insufficient to establish personal involvement in alleged underlying violation); Watkins v. Horn, 1997 WL 566080 at * 4 (E.D.Pa. Sept. 5, 1997) (concurrence in an administrative appeal process is insufficient to establish personal involvement).  Plaintiff has, therefore, failed to alleged a facially plausible claim of supervisory liability against Defendant Coleman, and the Motion to Dismiss should be granted in this respect.

AND NOW this 24th day of June, 2010,

IT IS HEREBY ORDERED THAT Defendants' Partial Motion to Dismiss (Doc. 31) is GRANTED IN PART AND DENIED IN PART.  Defendant Coleman is DISMISSED from this case, and all official capacity claims are likewise DISMISSED.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
NICHOLAS AMBUSH
HJ5902
Box 9999
SCI FAYETTE
LaBelle, PA 15450