**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICHOLAS AMBUSH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09-797 |
| | ) | Judge McVerry |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| BRIAN COLEMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Nicholas Ambush ("Plaintiff") is state prisoner currently incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette") in LaBelle, Pennsylvania. Plaintiff brings this suit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, *et seq.*, alleging violations of the Eighth Amendment to the Constitution of the United States by multiple Defendants. This case was referred to United States Magistrate Judge Cathy Bissoon for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrates.

This suit commenced with the receipt of Plaintiff's initial complaint on June 22, 2009. (Doc. 1-1). Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") on June 25, 2009. (Doc. 4). Plaintiff filed an amended complaint on October 30, 2009. Am. Compl. (Doc. 29). Defendants filed an answer (Doc. 33) and a partial motion to dismiss (Doc. 31) on November 10, 2009. This Court granted in part and denied in part the motion to dismiss on June 24, 2010. (Doc. 40). Plaintiff filed a motion for summary judgment on September 9, 2010 (Doc. 41). Defendants responded thereto on September 16, 2010. (Doc. 46). Defendants filed a cross

motion for summary judgment on September 15, 2010. (Doc. 43). Plaintiff responded to this motion on October 12, 2010 (Docs. 47 – 48).

The magistrate judge issued a report and recommendation (Doc. 57) recommending that Defendants' motion for summary judgment be granted, and Plaintiff's motion for summary judgment be denied. The magistrate judge further recommended that Plaintiff's motion for judgment on the pleadings (Doc. 54), which she interpreted to be a motion for the Court to rule favorably on his previous motion for summary judgment, be denied as moot. Plaintiff filed timely objections to the report on June 13, 2011. (Doc. 58).

In her report, the magistrate judge recommended that the John Doe Defendants to this suit be dismissed due to Plaintiff's failure to move to identify them. (Doc. 56) at 12 – 13. In his objections, Plaintiff provides the names of the two John Doe Defendants, who are both nurses at SCI-Fayette, and against whom Plaintiff alleges Eighth Amendment violations based on alleged delays in the treatment of a medical condition on December 28, 2008.

As an initial matter, Plaintiff's objections to the report are insufficient to serve as a motion to name these Defendants, nor does it undo the excessive delay caused by Plaintiff in providing the identities of these Defendants, as described in the report. (Doc. 56) at 12 – 13. As such, it is still appropriate to dismiss them using the logic provided by the magistrate judge. Nevertheless, even if the undersigned were to interpret Plaintiff's objections as a motion to name the John Doe Defendants, judgment in their favor still would be appropriate.

As the magistrate judge correctly noted in her report, in order to prevail on an Eighth Amendment denial of medical care claim an inmate must show: (1) that he was suffering from a "serious" medical need; and (2) that the prison officials were "deliberately indifferent" to the serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1978). With respect to the second

2

element – deliberate indifference – the Supreme Court has adopted a subjective approach. Farmer v. Brennan 511 U.S. 825, 842 (1994). Farmer teaches that:

> it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. . . . Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder [sic] may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

Id. at 842 (citations omitted). A showing of knowledge of "a substantial risk of serious harm" under Farmer requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Under this standard, it is not enough that an official merely should have been aware of the risk to an inmate. The official must be "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,'" and then actually "'draw the inference.'" Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (quoting Farmer, 511 U.S. at 837). However, "when some medical care is administered by officials that arguably falls below the generally accepted standard of care, that medical care is often sufficient to rebut accusations of deliberate indifference and preclude a finding of an Eighth Amendment violation." Hankey v. Wexford Health Sources, Inc., 383 F.App'x 165, 169 (3d Cir. 2010) (citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990)). Mere negligence or malpractice is not enough to establish deliberate indifference. Bob v. Kuo, 387 F.App'x 134, 135 (3d Cir. 2010) (citing White v. Napoleon, 897 F.2d 103, 108 (3d Cir. 1990)).

3

Under this standard, it is clear from the record that Plaintiff would be unable to prevail against putative Defendant Morrow, the nurse who answered Defendant Kino's initial call regarding Plaintiff's injury at or about 12:15 AM on December 28, 2008. (Doc. 58) at 1. The record shows that this individual asked questions to determine whether Plaintiff's injury was life threatening, and whether there was the possibility of lasting damage to Plaintiff's eye. See (Doc. 45) ¶¶ 9 – 16. This individual also was limited to the information provided by the corrections officers who made the call, and appears to have been under the belief that Plaintiff would receive treatment a few hours later during the morning shift – which it is undisputed he did. It is clear from this that no reasonable trier of fact could conclude that putative Defendant Morrow exhibited the level of culpability necessary for liability to attach under the Eighth Amendment.

The same is true of putative Defendant Kucher, the nurse who examined Plaintiff at 7:30 AM on December 28, 2008. The factual allegations in Plaintiff's complaint indicate that this individual did not know what was wrong with Plaintiff, gave him treatment for the pain that he was experiencing, and referred Plaintiff to be seen by a the prison's physician, who in turn examined Plaintiff about three hours later. (Doc. 29) at 5 – 6. This is a far cry from deliberate indifference.

After *de novo* review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 29th day of June, 2011,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment (Doc. 43) is GRANTED.

IT IS FURTHER ORDERED that the John Doe Defendants are DISMISSED with PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment (Doc. 41) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for judgment on the pleadings (Doc. 54) is DENIED as MOOT.

IT IS FURTHER ORDERED that the report and recommendation of June 3, 2011 (Doc. 56) is adopted as the opinion of this Court.

BY THE COURT:

s/Terrence F. McVerry
TERRENCE F. McVERRY
UNITED STATES DISTRICT JUDGE

cc:
**NICHOLAS AMBUSH**
HJ5902
Box 9999
SCI FAYETTE
LaBelle, PA 15450

**All counsel of record**